*928 OPINION.
Siefkin :
Except for the alternative proposition of special relief, the sole question at issue is the deduction by the petitioner as ordinary and necessary expense of its business in 1920, the total sum of $76,603.60, consisting of $9,185 fixed salaries of officers and $67,418.60 either paid or credited in 1920 as the result of a resolution of the board of directors entered into in January, 1920, providing for a contingent compensation. While the amount of contingent compensation is extremely large as compared to the corporation’s net earnings during the year 1920, there is abundant reason for concluding that if these officers had not performed extraordinary services during 1920 there would have been no net income at all and the company Would have discontinued business.
From all the evidence in the case it is our opinion that the amount actually retained by the petitioner’s officers, a total of $49,935, was reasonable compensation for the services rendered in 1920, and the petitioner is entitled to a deduction in that amount. We are unable to go to the extent of holding that the further amount of $26,608 60 was reasonable. Evidently there was some doubt in the minds of the officers or they would not have returned it, whether or not there was a legal liability.
In view of our decision on this point we deem it unnecessary to consider the question of special assessment. In any event, there is no evidence which would justify special assessment.

Judgment will he entered under Bule 50.